## Susquehanna Roofing Manufacturing Co. *v.* American Tin and Terne Plate Co., Appellant.

*Contract—Sale—Construction of agreement.*

In an action of assumpsit it appeared that the defendant sent to plaintiff a written order for 1,000 tons of tarred felt of various kinds, the amount of each variety not being given, "to be taken during the year 1905." Some deliveries were made in pursuance of orders from the defendant. Near the end of the year and before a considerable portion of the tonnage had been ordered by defendant, plaintiff's factory was burned. This fact was at once communicated to defendant with notice that plaintiff would be in a position to fill orders within about six weeks. Defendant thereupon wrote to plaintiff inquiring whether the residue of tonnage should be called at once, or whether orders for it should be held back until plaintiff was again in a position to make prompt shipments. To this inquiry plaintiff made no reply, and the defendant let the year 1905 end without any further shipments. *Held*, that the defendant had no right to demand any shipments after the year 1905 had expired.

Argued Oct. 12, 1908. Appeal, No. 50, Oct. T., 1908, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 860, making absolute rule for judgment for want of

428 ROOFING MFG. CO. *v.* AM. TIN, ETC., CO., Appellant.

Statement of Facts—Opinion of Court below. [37 Pa. Superior Ct.

a sufficient affidavit of defense in case of Susquehanna Roofing Manufacturing Co., Inc., v. American Tin and Terne Plate Co., Inc. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

AUDENRIED, J., filed the following opinion:

The plaintiff sues to recover the sum of $653, the price of sundry rolls of roofing felt delivered to the defendant between May 28 and July 2, 1907. The defendant admits its liability to pay for these goods, but claims a set-off in the shape of damages sustained by it through the failure of the plaintiff to comply with a certain contract entered into between these parties on February 18, 1905.

It appears by the affidavit of defense that on the date last named the defendant sent to the plaintiff a written order for 1,000 tons of tarred felt of various kinds, the amount of each variety not being given, "to be taken during the year of 1905." Shipments were to be made to Philadelphia and the prices to be charged were mentioned in the order. This offer was marked accepted by the plaintiff, which from time to time made shipments under it, upon the request of the defendant, until 178 tons of tarred felt had been delivered. On November 10, 1905, the defendant sent plaintiff an order for the shipment of two carloads of the felt, and a week later ordered fifteen more rolls of it. These orders were never filled by the plaintiff. On December 4, 1905, the coal tar department of the plaintiff's factory was destroyed by fire. This fact was at once communicated to the defendant, with notice that the plaintiff would be in a position to fill orders in about six weeks. On December 6, 1905, the defendant wrote to the plaintiff inquiring whether it should call at once for the residue of the 1,000 tons of felt covered by the contract above mentioned, or hold back its specifications until plaintiff was again in position to make prompt shipments. To this inquiry the plaintiff made no

reply, and the defendant let the year 1905 end without demanding further shipments of felt. On January 10, 1906, the defendant asked at what date shipments on account of the contract might be expected. A subsequent inquiry on February 9, 1906, as to the date of shipment of unfilled orders, elicited the reply that the plaintiff would be ready to ship goods in about ten days, but that the deliveries would be made only at advanced prices. The rest of the correspondence set forth in the affidavit of defense is without special significance. On the defendant's side it consisted of reiterated demands for recognition of its right to call for deliveries under the contract of February 18, 1905, and on the plaintiff's side it was made up of repeated refusals to admit such a right.

As it had occasion to use it in supplying its trade, the defendant bought, between January 18, 1906, and April 6, 1906, in the open market, various lots of tarred felt of the kinds mentioned in the contract of February 18, 1905. The lots thus purchased were comparatively small. It is averred that they were bought at the current market prices. It is averred that the cost of the felt bought by defendant in this way exceeded the amount which it would have cost at the prices fixed by the contract by the sum of $1,818, of which the sum of $67.50 represents the difference in the cost of the felt bought by the defendant to take the place of that which it had ordered in November, 1905, and which plaintiff had failed to ship. The defendant asks that it be allowed the amount of the loss thus caused by the plaintiff's breach of contract and that a certificate be given in its favor against the plaintiff for $1,164.80, with interest thereon.

The plaintiff concedes that its claim is subject to the set-off of $67.50 in respect of the loss sustained by the defendant through its failure to ship the felt ordered by the defendant in the month of November, 1905. The defendant's demand for the allowance of any further set-off in respect of losses through the nondelivery by the plaintiff of the full 1,000 tons of tarred felt covered by their contract is resisted; and the court is of the opinion that the defendant had failed to disclose by its affidavit of defense a legal foundation for such a counterclaim.

If due effect be given to the words "to be taken during the year 1905," contained in the contract of February 18, 1905, to the fact that, until specified by the defendant, the plaintiff could not know which of the several varieties of tarred felt referred to in the contract it ought to ship, and to the contemporaneous construction placed upon the contract by its parties in their customary course of dealing, manifested by the correspondence set out in the affidavit of defense, it is plain that the defendant was bound to call for the felt that it desired, or in the words of its letter of December 6, 1905; send in to the plaintiff "specifications against the order," and that until such specifications, calls or demands were received, the plaintiff was under no duty to make shipments to the defendant. It is manifest, also, that by the terms of the contract the defendant's right to call for deliveries thereunder did not extend beyond December 31, 1905 and we fail to discover in the defendant's averments as to the actions of the plaintiff anything from which it can be reasonably inferred that the time for the exercise of the right was enlarged. The fire that destroyed the plaintiff's tar factory did not, of course, release the plaintiff from the contract. It did not even suspend its duty to deliver when called on by the defendant for goods. Hence, it could not prolong the time within which the defendant might call for deliveries. Consequently, the notice of the fire and the statement that the plaintiff expected to be able to fill its orders in about six weeks, contained in its letter of December 4, 1905, could not have such an effect. The goods covered by the contract were standard articles and might readily be obtained in the market. The letter just referred to is not inconsistent with a willingness on the part of the plaintiff to keep its agreement and ship tarred felt when and as called on by the defendant to do so, even if it should have to buy goods from other manufacturers in order to comply with the call. Nor can it be said that the failure of the plaintiff to reply to the defendant's inquiry of December 6, 1905, gave the latter the right to call on the former for felt after the last day appointed by the contract. The plaintiff was under no duty to advise the defendant what course it should pursue in its business, and ample time remained between the sending

of the letter and the end of the year for the defendant to draw from the plaintiff's silence, the not unreasonable inference that it had better act on its own judgment as to its requirements.

In our opinion, the failure of the defendant to demand further deliveries under the contract of February 18, 1905, before the end of that year, absolved the plaintiff from further liability under the contract, and, therefore, its refusal to deliver more felt than had already been called for up to December 31, 1905, was not a breach of contract on the plaintiff's part. Accordingly, except with respect to defendant's loss on the goods ordered from the defendant in November, 1905, and not delivered by the latter, the defense set up cannot be sustained.

Judgment will be entered against the defendant in favor of the plaintiff for $610.71, that being the amount of the latter's demand with interest to this date, less an allowance of $67.50 for the loss on defendant's unfilled orders of November, 1905.

*Error assigned* was the order of the court.

*Arthur S. Arnold,* for appellant, cited: Hocking v. Hamilton, 158 Pa. 107; Dixon v. Breon, 22 Pa. Superior Ct. 340; McCormick v. Ins. Co., 163 Pa. 184; Earley v. Ins. Co., 178 Pa. 631; Hower v. Ins. Co., 9 Pa. Superior Ct. 153; Penn Plate Glass Co. v. Ins. Co., 189 Pa. 255.

*Samuel W. Cooper,* for appellee, cited: Barr v. Myers, 3 W. & S. 295; Wisecarver v. Adamson, 118 Pa. 53.

PER CURIAM, November 9, 1908:

The majority of the judges who heard this case are of opinion that it was correctly decided in the court below for the reasons given by Judge AUDENRIED.

The order is, judgment affirmed.